E-FILED
Tuesday, 09 June, 2026  10:44:45 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANTHONY MRDJENOVICH,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3147** |
| | ) | |
| **VICTOR ESCOBAR,** *et al.*, | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Western Illinois Correctional Center ("Western"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Dr. Victor Escobar, Correctional Officer Wilson, and Nurse Taylor. On February 2, 2026, Defendant Dr. Escobar, an oral surgeon, surgically removed three of Plaintiff's wisdom teeth (upper left, bottom right, and bottom left) at his office in Champaign, Illinois. Plaintiff alleges Defendant Dr. Escobar used inappropriate force when extracting his wisdom teeth, which caused temporomandibular joint dysfunction and a bone protrusion. Plaintiff

1

alleges Defendant Dr. Escobar did not give him or the escorting officer any post-operative instructions.

Following the surgery, Plaintiff was placed in a van and transported back to Western. During transport, Plaintiff alleges he was bleeding and in excruciating pain. Plaintiff informed Defendant Correctional Officer Wilson that he was swallowing blood and needed his gauze changed. Defendant Wilson responded that he had some extra gauze but would not help Plaintiff change it. When the van stopped at a gas station, Defendant Wilson gave Plaintiff three or four pieces of gauze but did not give him any sanitary supplies. Plaintiff alleges he was forced to change his own gauze while wearing black box handcuffs, causing excruciating pain. Plaintiff was then forced to ride the rest of the way to the prison with bloody gauze on his lap.

When Plaintiff arrived at Western, he was taken to the Healthcare Unit ("HCU"). Plaintiff informed Defendant Nurse Taylor that he was bleeding and in pain, but Defendant Taylor did not provide any medical treatment, pain medication, ice, or gauze. Plaintiff also alleges Defendant Taylor did not refer him to dental, the doctor, or the nurse practitioner, who were all on duty that day. Plaintiff alleges he was not given a follow-up examination until five days later on February 6, 2026. Meanwhile, Plaintiff alleges he was bleeding, spitting blood, severely swollen, and in excruciating pain. Due to the delay in treatment, Plaintiff alleges he developed severe complications to the wounds in his mouth and jaw area.

Plaintiff alleges he had dozens of dental visits at Western and multiple trips back to Defendant Dr. Escobar to attempt to fix the complications. Plaintiff alleges medication was stuffed into the wounds and he received painful steroid injections to his jaw joints. Plaintiff alleges Defendant Dr. Escobar did not get his written consent for the steroid injection to his left jaw joint on March 10, 2026.

Plaintiff states he continues to experience constant pain in his mouth and jaw area, has difficulty chewing food, and experiences a "clicking pain" in his jaw joints. (Doc. 1 at p. 7). Plaintiff states he now wears a mouth guard to help his jaw issues, takes pain medication and muscle relaxers, and was issued slow eating and soft diet permits.

### ANALYSIS

Plaintiff alleges Defendants Correctional Officer Wilson and Nurse Taylor were deliberately indifferent to his medical needs in violation of the Eighth Amendment. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist).

**Correctional Officer Wilson**

On the way back to prison after surgery, Plaintiff alleges he told Defendant Wilson he was bleeding. Defendant Wilson stopped at a gas station and gave Plaintiff three or four pieces of gauze. Plaintiff alleges Defendant Wilson refused to change the gauze and did not give him any sanitary supplies. Plaintiff alleges he changed his own gauze while wearing black box handcuffs,

causing excruciating pain. When Plaintiff arrived at Western, he was taken to the HCU, where he saw Defendant Nurse Taylor. The Court finds that Plaintiff's allegations are insufficient to establish that Defendant Wilson was deliberately indifferent to treating Plaintiff. Defendant Wilson is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**Nurse Taylor**

Plaintiff alleges Defendant Nurse Taylor did not provide any medical treatment, pain medication, ice, or gauze when he returned to Western on February 2, 2026. Plaintiff also alleges Defendant Taylor did not refer him to dental, the doctor, or the nurse practitioner, who were all on duty that day. Plaintiff alleges he was not given a follow-up examination for five days, experienced excruciating pain and bleeding, and developed permanent complications due to the delay in treatment. Based on Plaintiff's allegations, the Court finds that Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendant Taylor.

Plaintiff also alleges Defendant Taylor is liable for medical negligence. The allegations derive from the same facts as the federal constitutional claim, so this Court will exercise supplemental jurisdiction over the medical negligence claim against Defendant Taylor. *See Krementz v. Siddiqui*, No. 20-CV-01358-SPM, 2021 WL 5866917, at *3 (S.D. Ill. Dec. 10, 2021) (citing 28 U.S.C. § 1367(a)). Plaintiff is advised that he is required to comply with the Illinois Healing Arts Malpractice statute by the summary judgment stage. *See* 735 ILCS 5/2-622; *Young v. United States*, 942 F.3d 349 (7th Cir. 2019) (allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement). Plaintiff must file a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 5/2-622(a); *see also Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622

applies to state law claim filed in federal court). The failure to do so will result in the dismissal of Plaintiff's medical negligence claim.

**Dr. Escobar**

Plaintiff alleges he is suing Defendant Dr. Escobar "for medical negligence for using inappropriate force when extracting [his] 3 wisdom teeth," not giving him or the escorting officer post-operative instructions or medical supplies on February 2, 2026, and for failing to document or get his written consent for a steroid injection to his left jaw joint on March 10, 2026. (Doc. 1 at pp. 6-7). Negligence is a state-law claim, not a federal claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018) ("[N]egligence would be insufficient to support liability under the Fourteenth Amendment, even though it might support state-law liability."). Plaintiff does not allege a claim against Defendant Dr. Escobar under § 1983, and the Court declines to exercise supplemental jurisdiction over a state-law medical negligence claim. *See Florence v. Wexford of Indiana, LLC*, No. 120CV01429SEBMPB, 2022 WL 3681806, at *3 (S.D. Ind. Aug. 25, 2022) (court relinquished supplemental jurisdiction over plaintiff's medical negligence claim, as there was no pending federal claim against the defendant); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (court has discretion whether to exercise supplemental jurisdiction over plaintiff's state-law claims). Defendant Dr. Escobar is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Rule 12(b)(6) and § 1915A.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 11). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to

5

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). "When evaluating a plaintiff's competence, district courts should normally consider the plaintiff's literacy, communication skills, education level, and litigation experience." *Bracey v. Grondin*, 712 F.3d 1012, 1018 n.3 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). The inquiry is individualized, taking all the relevant facts into consideration, including the stage of the litigation. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). The Court may also consider "the perceived merits of–or likelihood of success on–an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it." *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022).

Plaintiff states he wrote to multiple attorneys requesting representation but received responses from only two law firms, which declined to represent him. The Court finds that Plaintiff made a reasonable attempt to secure counsel on his own.

Plaintiff argues the Court should appoint counsel based on the complexity and difficultly of this case. Thus far, Plaintiff's pleadings have been coherent and supported by accompanying exhibits. There is no indication that he has any physical or psychological condition that might impair his ability to litigate this case himself. The Court finds that Plaintiff appears competent to litigate the case himself, especially at this early stage in the litigation process. Plaintiff's Motion to Request Counsel is DENIED.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment deliberate indifference claim and a medical negligence claim under Illinois state law against Defendant Taylor. Additional claims

shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)    Defendants Victor Escobar and Wilson are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Defendants Escobar and Wilson.

3)    Plaintiff's Motion to Request Counsel [11] is DENIED.

4)    Plaintiff's Motion for Status of Merit Review [12] is MOOT.

5)    This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6)    The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7)    Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer

or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8)      If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10)     Defendant's counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendant's counsel shall arrange the time for the deposition.

11)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)     Plaintiff shall be provided with a copy of all pertinent medical records upon request.

13)     Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  June 8, 2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

9